# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11-cv-247-RJC

| | |
|---|---|
| DEMETRIUS L. PARKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JOEL HERRON, Administrator, ) | |
| Scotland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment. (Doc. No. 10).

**I.  BACKGROUND**

On October 4, 2007, in Cleveland County Superior Court, Petitioner was convicted convicted after a jury trial of possession with intent to sell or deliver cocaine and selling or delivering cocaine. He pled guilty to attaining the status of habitual felon. Petitioner was subsequently sentenced to two consecutive terms of 126-161 months' imprisonment, in cases 06 CRS 6595-6597.

On October 7, 2008, the North Carolina Court of Appeals issued an unpublished opinion finding no error in part and vacating and remanding in part for a new trial on the issue of whether Petitioner attained the status of habitual felon.[1] State v. Parks, 193 N.C. App. 247, 666 S.E. 2d 889 (2008) (unpublished). On February 20, 2009, a jury found Petitioner to have attained habitual felon status. He was sentenced to 132-168 months' imprisonment, in cases 06 CRS 6595-6597. On April 6, 2010, the North Carolina Court of Appeals filed an unpublished opinion finding no error. State v. Parks, 203 N.C. App. 374, 692 S.E. 2d 487 (2010) (unpublished). Petitioner was represented at his first trial by John D. Church, at his second trial by Seth N. Lackey, and in both appeals by James

---

[1]  The North Carolina Court of Appeals found that remand was required because Petitioner's guilty plea as to the habitual felon status was involuntary. See Parks, 193 N.C. App. at **2-3.

R. Parish.

On December 22, 2010, Petition filed a pro se motion for appropriate relief ("MAR") in Cleveland County Superior Court. (Doc. No. 11-11), which was denied on December 28, 2010. (Doc. No. 11-12). On February 28, 2011, Petitioner filed a second MAR in Cleveland County Superior Court. (Doc. No. 11-13), which was also summarily denied. (Doc. No. 11-14). On May 16, 2011, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. Nos. 11-15; 11-16). Certiorari was denied on May 26, 2011, along with a motion to consolidate. (Doc. No. 11-18). Petitioner dated his pro se federal habeas application form September 12, 2011, and it was file-stamped in this Court on September 22, 2011.[2]

The North Carolina Court of Appeals summarized the facts from Petitioner's first trial as follows:

> The State's evidence tends to show the following: On 14 June 2006, Sergeant Scott Champion (Sergeant Champion) employed at the vice narcotics unit in Shelby, North Carolina, conducted undercover buys with an informant. At approximately 3:00 P.M., Sergeant Champion and several other detectives met the informant near the city park. Sergeant Champion searched the informant, issued the money, and equipped him with audio/video equipment. Sergeant Champion turned on the audio/video equipment and confirmed that it operated properly. Sergeant Champion then directed the informant to go to Defendant's house. Sergeant Champion listened to the audio as the informant exited the vehicle, walked to the residence, and opened the door. The informant walked into the house and asked someone inside for "three for fifty," which Sergeant Champion explained meant three rocks of crack cocaine for fifty dollars. The informant remained in Defendant's house for approximately two minutes, and thereafter returned to his vehicle, giving Sergeant Champion directions that he was returning to the meeting location. When Sergeant Champion, the other detectives, and the informant arrived at the meeting location, Sergeant Champion turned off the recording system and secured the evidence the informant had purchased.

State v. Parks, 193 N.C. App. 247, at *1. The North Carolina Court of Appeals summarized the

---

[2] Respondent filed the pending summary judgment motion on February 22, 2012. On April 26, 2012, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 12). On May 14, 2012, Petitioner filed a motion for enlargement of time to file a response brief. (Doc. No. 13). On May 24, 2012, the Court granted the motion, giving Petitioner until June 23, 2012, to respond to the summary judgment motion. (Doc. No. 14). Petitioner did not file a response brief.

-2-

facts from Petitioner's second trial as follows:

> This matter comes before this Court for a second time. The factual background is contained in State v. Parks, 193 N.C. App. 247, 666 S.E. 2d 889 (2008) (unpublished) and is not repeated. This Court vacated the judgments entered by the trial court and the case was remanded to the superior court for a new trial on the issue of whether defendant had obtained habitual felon status. See id.
>
> This case was tried before a jury on 16 February 2009. The State presented certified copies of three felony judgments previously entered against defendant. Each of the three judgments were received into evidence and published to the jury with no objection from defendant. The jury found defendant guilty of obtaining habitual felon status. The trial court determined that defendant was a prior record level IV for felony sentencing purposes. Defendant's convictions were consolidated for judgment and the trial court imposed an active prison term of 132 to 168 months. Defendant appeals.

State v. Parks, 203 N.C. App. 374, at *1.

Petitioner brings the following two grounds for relief in his § 2254 petition: (1) The Trial Court Lacked Subject Matter Jurisdiction to Try Petitioner or Enter Judgment Against Him; and (2) North Carolina Does Not Follow the Concept of Proportionality or the Proportionality Concept As Expressed in Graham v. Florida, 130 S. Ct. 2011 (2010), and Petitioner's Sentence is Therefore in Violation of the Eighth Amendment's Proscription Against Cruel and Unusual Punishment.

## II.  STANDARD OF REVIEW

### A.  Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B.  Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must

-3-

Case 1:11-cv-00247-RJC   Document 15   Filed 08/07/12   Page 3 of 10

also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F .3d 478, 483–84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the

decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10–6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). This includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding in the trial court division and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. GEN. STAT. §§ 7A–31, 15A–1422.

However, a petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591–92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting

United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392–94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494–96 (1986)).

### III. ANALYSIS

#### A. Contention One–The Trial Court Lacked Subject Matter Jurisdiction to Try Petitioner or Enter Judgment Against Him

Petitioner first contends that the trial court lacked subject matter jurisdiction to try him or enter judgment against him on the habitual felon charge. More specifically, Petitioner asserts:

> [D]efendant contends because House bill 619 Enacted as Chapter 1241 (1967) does not have the signatures of both house leaders the law N.C.G.S. 14-7.1 Habitual Felon Act is void and null (see First M.A.R.) Argument I [detailing jurisdictional challenge based on alleged errors of state law].

(Doc. No. 1 at 6). This is essentially an argument that the state lacked subject matter jurisdiction due to errors of state law. Therefore, it is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1984)). Petitioner raised the substance of his first contention in his first MAR, and the MAR Court summarily denied it as procedurally barred and, alternatively, on the merits. The MAR Court's order states in part: "This court concludes that the Defendant is BARRED from raising the issue of the constitutionality of the Habitual Felon statute by his failure to address that issue before the Court of Appeals and that, even considering the present argument, that the Defendant has failed to show that the statute is unconstitutional." (Doc. No. 11-12 at 2).

The Court finds that the MAR Court's dismissal of this claim based on Petitioner's failure to raise it on direct appeal constitutes an adequate and independent state procedural bar precluding federal habeas review. See N.C. GEN. STAT. § 15A-1419(a)(3) and (b) (claim shall be denied when defendant was in adequate position to have raised it in a previous appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., actual innocence); see also Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (finding that a claim was procedurally barred from federal habeas review where the state post-conviction court found that Petitioner was in an adequate position to have raised the claim on appeal but did not do so); McCarver v. Lee, 221 F.3d 583 (4th Cir. 2000) (finding that a claim was procedurally barred from federal habeas review where the state post-conviction court denied the claim on the alternative ground of procedural bar because it had not been raised on direct appeal).

In addition, the MAR Court's alternative adjudication of this claim on the merits was neither contrary to nor an unreasonable application of clearly established Supreme Court law, nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. That is, there is no United States Supreme Court precedent that would have required the MAR Court to find a jurisdictional and/or constitutional error in Petitioner's habitual felon status. In sum, Petitioner's first contention is without merit.

      B.      Contention Two–Petitioner's Sentence Violates His Eighth and Fourteenth Amendment Rights Against Cruel and Unusual Punishment Because North Carolina Does Not Follow the Concept of Proportionality

Next, Petitioner contends that his Eighth and Fourteenth Amendment rights against cruel and unusual punishment were violated because "N.C. does not follow the concept of proportionality or the proportionality component as in Graham v. Florida, [130 S. Ct. 2011 (2010)]." Petitioner raised the substance of this contention in his second MAR, but he did not fairly raise the substance of this contention in the first MAR. See (Doc. No. 11-11). The second MAR Court held that this claim was subject to procedural default because Petitioner did not raise the claim in his first MAR. The

second MAR Court also alternatively denied the claim on the merits.[3]

As to the MAR Court's dismissal of this claim based on Petitioner's failure to raise his second contention in his first MAR, this constitutes an adequate and independent state procedural bar precluding federal habeas review. See N.C. GEN. STAT. § 15A-1419(a) (1) and (b) (claim shall be denied when defendant was in adequate position to have raised it in prior post-appeal MAR but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., actual innocence); Thomas v. Polk, 176 F. App'x. 377 (4th Cir. 2006) (unpublished) (denial of subsequent MAR on grounds that prisoner had been in position to adequately raise claim in prior MAR but did not do so was adequate and independent state procedural bar precluding federal habeas review of claim). Furthermore, Petitioner has not shown cause, actual prejudice, or a miscarriage of justice to excuse the procedural default.

Next, as to the MAR Court's alternative rejection of Petitioner's second contention on the merits, the state court adjudication of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law, nor was it an unreasonable application of the facts, in light of the evidence presented in the state court proceedings. That is, Petitioner claims in his second contention that the sentence imposed upon him was disproportionate under Graham v. Florida. This argument is without merit. In Graham v. Florida, the Supreme Court held that sentencing a juvenile offender who committed a non-homicide to life imprisonment without parole constituted cruel and unusual punishment under the Eighth Amendment. Graham, 130 S. Ct. at 2011. Petitioner was 27 years old when he committed his offenses, and he was not sentenced to life without parole. Application of the principles articulated in Graham v. Florida and its progeny under the facts in this case simply does not require a finding of cruel and unusual punishment in violation

---

[3] The MAR Court's Order states in part: "This Court concludes that each and every contention raised by the Defendant in the current MAR was raised by the Defendant or could have been raised by the Defendant in the previously filed MAR and therefore is BARRED from consideration at this time pursuant to the provisions of G.S. 15A-1419. Further, this Court concludes that each such contention is without merit." (Doc. No. 11-14 at 1).

of the Eighth Amendment. The Supreme Court's more general proportionality cases confirm that his 132 to 168 month habitual felon sentence is proportionate. Ewing v. California, 538 U.S. 11 (2003) (sentence of 25 years to life for theft of golf clubs under California's "three strikes" law upheld under Eighth Amendment); Lockyer v. Andrade, 538 U.S. 63 (2003) (two consecutive terms of 25 years to life for two counts of petty theft under California's "three strikes" law upheld under Eighth Amendment); Harmelin v. Michigan, 501 U.S. 957 (1991) (mandatory life without parole for possessing more than 650 grams of cocaine does not violate Eighth Amendment).

For the reasons stated by the Court, the MAR Court's alternative, summary adjudication of Petitioner's second contention on the merits is neither contrary to nor an unreasonable application of clearly established Supreme Court law regarding proportionality and the Eighth Amendment, as discussed in cases such as Graham v. Florida, Ewing v. California, Lockyer v. Andrade, and Harmelin v. Michigan. Nor is the state court adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In sum, Petitioner's second contention is without merit.

## IV.    CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment as to both of Petitioner's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**; and
2. It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is

debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 6, 2012

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge

-10-

Case 1:11-cv-00247-RJC   Document 15   Filed 08/07/12   Page 10 of 10